UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN STALYN YAZUMA TAMAMI,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | Case No. 1:26-cv-06253-JLT-CDB (HC)<br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND ORDER PETITIONER'S IMMEDIATE RELEASE<br>(A Number: A-245-156-344)<br>(Doc. 1)<br>**7-Day Objection Period** |

**Background**

Petitioner Kevin Stalyn Yazuma Tamami ("Petitioner"), a federal immigration detainee, initiated this action on August 6, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, while in custody of Immigration and Customs Enforcement ("ICE") at the Central Valley Annex, McFarland, California. (Doc. 1).

According to Respondents' reply to the petition (Doc. 6), Petitioner is a citizen and national of Ecuador who unlawfully entered the United States of America near Lukeville, Arizona, on August 29, 2023. *See* (Doc. 6-1, Form I-213 ["Record of Deportable/Inadmissible Alien"] at 1-2). He was encountered by U.S. Border Patrol agents that night, apprehended, served with a notice to appear for removal proceedings, and released on his own recognizance. *Id.*; (Doc. 6-2, Form I-862 ["Notice to Appear"], dated 8/30/2023).

In his petition, Petitioner alleges that he was arrested by immigration authorities at his workplace on June 14, 2026. (Doc. 1 at 2). He alleges that he had not "missed my immigration appointments" and that he was "beaten by the ICE agents" upon his arrest. *Id.*

In their response to the petition, Respondents argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the outcome of his ongoing removal proceedings but acknowledge that the Ninth Circuit has rejected this interpretation of the Immigration and Nationality Act. (Doc. 6 at 2) (citing *Rodriguez Vazquez v. Bostock*, -- F.4th --, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026)). Respondents also proffer an order of an immigration judge ("IJ") that denied Petitioner's request for a custody redetermination on the grounds that the IJ "lacks jurisdiction over the request for custody redetermination." (Doc. 6-4 ["Order of the Immigration Judge"], dated 7/30/2026).

**Discussion**

Because Petitioner was detained by immigration authorities upon his entrance into the United States of America in August 2023 and promptly released from custody on his own recognizance, Petitioner's rearrest by immigration authorities in June 2026 presents a procedural due process issue. That is because "[t]he regulations that authorize immigration authorities to release a noncitizen pursuant to § 1226 require that the noncitizen 'demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons' and that the noncitizen is 'likely to appear for any future proceeding.'" *Alberto R.C. v. Murray*, 817 F. Supp. 3d 917, 922 (E.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Id.* (citation and quotation omitted).

Here, Respondents do not dispute Petitioner's allegation that he has not missed any immigration appointments since his release from custody in August 2023 and they raise no other arguments in support of his continuing detention. Under the facts and circumstances presented here, this Court repeatedly has held that a noncitizen maintains a protected liberty interest in his release from custody under the Due Process Clause of the Fifth Amendment to the U.S. Constitution. *E.g.*, *id.* at 925; *Garcia v. Chestnut*, No. 1:25-cv-01907-JLT-CDB, 2025 WL

3771348 (E.D. Cal. Dec. 31, 2025); *Espinoza v. Kaiser*, No. 1:25-cv-01101-JLT-SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025). Further, applying the framework set forth by the U.S. Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976), this Court repeatedly has held that a noncitizen, like Petitioner here, previously released from custody by immigration authorities and re-detained a substantial time later with no showing of materially changed circumstances implicating the noncitizen's risks of danger and/or flight is entitled to a writ of habeas corpus that requires immediate release. *E.g.*, *Alberto R.C.*, 817 F. Supp. 3d at 927-28; *Garcia*, 2025 WL 3771348, at *12; *Espinoza*, 2025 WL 2581185, at *15.

**<u>Conclusion and Recommendation</u>**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.
2. Respondents be ORDERED to IMMEDIATELY RELEASE Petitioner and be ENJOINED and RESTRAINED from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.
3. The Clerk of the Court be DIRECTED to enter judgment in favor of Petitioner and close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). The

document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 25, 2026**

UNITED STATES MAGISTRATE JUDGE